UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8036-CJC (KK) | Date | October 15, 2015 |
|---|---|---|---|
| Title | Anthony Diaz Moreno v. K. Holland | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Petitioner:  Attorneys Present for Respondent:

n/a  n/a

**Proceedings:** **(In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed As Untimely**

## I.
## INTRODUCTION

Petitioner Anthony Diaz Moreno ("Petitioner"), filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed.

## II.
## BACKGROUND

On February 24, 2011, in the Los Angeles Superior Court, Petitioner was convicted of "assault with a deadly weapon, plus a GBI[, great bodily injury,] enhancement" and sentenced to a term of twenty-two years in prison. ECF Docket No. ("Dkt.") 1 at 1.[1]

Petitioner appealed his conviction. Id. at 2. On July 24, 2012, the California Court of Appeal affirmed Petitioner's conviction in a reasoned decision. Id.

On June 3, 2013, Petitioner filed his first state habeas petition in the California

---

[1] The Court refers to the Petition's pages as if they were consecutively numbered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8036-CJC (KK) | Date | October 15, 2015 |
|---|---|---|---|
| Title | Anthony Diaz Moreno v. K. Holland | | |

Superior Court.[2]  Id.  On June 10, 2013, the California Superior Court denied the petition. Id. at 3.

On July 15, 2013, Petitioner filed his second state habeas petition in the California Court of Appeal.[3]  Id.  On November 21, 2013, the California Court of Appeal denied the petition.  Id.

On March 20, 2014, Petitioner filed his third state habeas petition in the California Supreme Court.[4]  Id. at 8.  On February 11, 2015, the California Supreme Court denied the petition.  Id.

On March 5, 2015, Petitioner constructively filed the instant Petition.[5]  Id. at 6. The Petition claims: (1) Petitioner's counsel was ineffective for advising him against testifying at his trial; (2) the prosecution withheld exculpatory evidence; and (3) the prosecution improperly referenced Petitioner's failure to testify.  Id. at 9-26.  As discussed below, the Court finds the Petition untimely.

---

[2] The Court obtained this filing date from the California Superior Court's website.  The Superior Court of California, County of Los Angeles, Online Services, Criminal Case Summary - Case Number KA091585 - Defendant ID 01 - Events (Oct. 15, 2015, 10:01 AM), http://www.lacourt.org/criminalcasesummary/ui/Selection.aspx.

[3] The Court obtained this filing date from the California Court of Appeal's website.  California Courts, 2nd Appellate District, Docket (Oct. 15, 2015, 10:02 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2050900&doc_no=B249940.

[4] The Court obtained this filing date from the California Supreme Court's website.  California Courts, Supreme Court, Docket (Oct. 15, 2015, 10:03 AM), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2072270&doc_no=S217295.

[5] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner signed the Petition on March 5, 2015. Dkt. 1 at 6.  Thus, the Court deems March 5, 2015 the Petition's filing date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8036-CJC (KK) | Date | October 15, 2015 |
|---|---|---|---|
| Title | Anthony Diaz Moreno v. K. Holland | | |

## III.
## DISCUSSION

**A.  The Petition Was Filed After AEDPA's One-Year Limitations Period.**

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Id. at 6. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues its decision. Brown v. Sisto, 303 F. App'x 458, 459 (9th Cir. 2008).[6]

In this case, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal on July 24, 2012. Dkt. 1 at 2. A search of the California Supreme Court's records indicates Petitioner did not file a Petition for Review with the California Supreme Court, seeking discretionary review of the California Court of Appeal's decision. Hence, Petitioner's conviction became final on September 2, 2012, forty days after the California Court of Appeal issued its decision denying Petitioner's direct appeal on July 24, 2012. Brown, 303 F. App'x at 459. AEDPA's one-year limitations period commenced the next day, September 3, 2012, and expired on September 3, 2013. 28 U.S.C. § 2244(d)(1). However, Petitioner filed the Petition on March 5, 2015. Dkt. 1 at 6. Therefore, the Court deems the Petition untimely by over eighteen months, absent tolling.
///
///

---

[6] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S.Ct.App. 9th Cir. Rule 36–3(b); Fed. R.App. P. 32.1(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8036-CJC (KK) | Date | October 15, 2015 |
|---|---|---|---|
| Title | Anthony Diaz Moreno v. K. Holland | | |

**B.     Statutory Tolling Does Not Render The Petition Timely.**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")).

However, "[a] petitioner who unreasonably delays in filing a state habeas petition would not be granted the benefit of statutory tolling because the petition would not be considered 'pending' or 'properly filed' within the meaning of § 2244(d)(2)." Id. (citations omitted). If a state court denies the petitioner's state habeas petition and the petitioner waits over sixty days to file a subsequent state habeas petition, the petitioner's unreasonable delay precludes statutory tolling. Evans v. Chavis, 546 U.S. 189, 201, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006) (holding unreasonable a delay exceeding sixty days because "most States" allow delays of only thirty to sixty days); Stewart v. Cate, 757 F.3d 929, 937 (9th Cir. 2014) (holding unreasonable a delay of 100 days); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding unreasonable delays of 101 days and 115 days). Moreover, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, AEDPA's one-year statute of limitations commenced on September 3, 2012 and ran for 273 days before Petitioner filed his first state habeas petition on June 3, 2013. 28 U.S.C. § 2244(d)(1); Dkt. 1 at 8. Statutory tolling applied from the date Petitioner filed his first state habeas petition on June 3, 2013 until Petitioner's second state habeas petition was denied on November 21, 2013. Nedds, 678 F.3d at 780.

However, Petitioner waited 119 days after the denial of his second state habeas petition to file his third state habeas petition on March 20, 2014, and this unreasonable delay precludes statutory tolling. Dkt. 1 at 8; Chavis, 546 U.S. at 201; Stewart, 757 F.3d at 937; Chaffer, 592 F.3d at 1048. Accordingly, AEDPA's one-year statute of limitations recommenced on November 22, 2013, the day after Petitioner's second state habeas petition was denied, and expired ninety-two days later on February 22, 2014.

Moreover, Petitioner is not entitled to statutory tolling during the pendency of his third state habeas petition filed on March 20, 2014. Dkt. 1 at 8. Petitioner filed his third

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8036-CJC (KK) | Date | October 15, 2015 |
|---|---|---|---|
| Title | Anthony Diaz Moreno v. K. Holland | | |

state habeas petition twenty-seven days after AEDPA's statute of limitations expired on February 22, 2014. Id. Thus, Section 2244(d)(2) does not permit the reinitiation of the limitations period. Ferguson, 321 F.3d at 823. Therefore, statutory tolling does not render the Petition timely.

**C.     Equitable Tolling Does Not Render The Petition Timely.**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

**IV.
ORDER**

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE, by October 29, 2015, why this action should not be dismissed as untimely.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8036-CJC (KK) | Date | October 15, 2015 |
|---|---|---|---|
| Title | Anthony Diaz Moreno v. K. Holland | | |

The Court expressly warns Petitioner that failure to timely file a response to this Order will result in a recommendation that the Court dismiss this action with prejudice for his failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.